IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN T. TATUM, | No. C 10-0418 LHK (PR) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PROVIDE LOCATION OF DEFENDANTS FOR SERVICE |
| v. | |
| T. PUGET, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding in forma pauperis ("IFP").

    In cases involving plaintiffs proceeding ("IFP"), the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). However, while incarcerated plaintiffs proceeding IFP may rely on service by the U.S. Marshals, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, e.g., because Plaintiff failed to provide sufficient information or because the Defendant is not where Plaintiff claims, Plaintiff must seek to remedy the situation or face dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he

requested that official be served), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

On September 2, 2010, the Court issued summonses on nine defendants. On September 22, 2010, summonses were returned unexecuted for Defendants D. Rothchild, D. James, C. Uptergrove, and J. Hirai. The U.S. Marshals noted the following: Defendant Rothchild was no longer at the facility; the Marshal's service would need more information on Defendant D. James because it is a common name; they were unable to make contact with Defendant C. Uptergrove, and there is no Defendant J. Hirai currently at that facility. It is Plaintiff's responsibility to provide sufficient information so that the Marshal can properly effect service. *See Walker*, 14 F.3d at 1421-22. Without such information, the Court is unable to serve Plaintiff's complaint on these four defendants.

Accordingly, within **thirty (30) days** from the filing date of this order, Plaintiff must provide the Court with sufficient information and/or accurate current locations for all Defendants such that the Marshal is able to effect service. Should the Plaintiff fail to provide accurate information regarding identity and location of these Defendants within the thirty day deadline, these Defendants will be dismissed.

**The Clerk of the Court shall send a copy of this order to the litigation coordinator at Pelican Bay State Prison, who is requested to provide to the Court, as a courtesy, any forwarding address information that is available with respect to these Defendants within thirty (30) days from the filing date of this order.**

**If no further information is available from the Litigation Coordinator and if Plaintiff fails to provide the requested information within thirty (30) days, Plaintiff's action will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

DATED:   11/24/2010                                    _Lucy H. Koh_____
                                                                         LUCY H. KOH
                                                                         United States District Judge