1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRVIN T. TATUM, | ) | No. C 10-0418 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | FOR VOLUNTARY |
| v. | ) | DISMISSAL; DENYING |
| | ) | MOTION TO DISMISS AS |
| T. PUGET, et al., | ) | MOOT; FURTHER |
| | ) | SCHEDULING ORDER |
| Defendants. | ) | |
| | ) | (Docket Nos. 23, 39) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 27, 2010, the Court conducted a preliminary screening of Plaintiff's complaint and dismissed several claims and defendants from this action. That same day, the Court ordered the three remaining claims to be served on named Defendants.

On November 24, 2010, Defendants filed a motion to dismiss this complaint under Federal Rules of Civil Procedure 18(a) and 20(a). Specifically, Defendants argue that Plaintiff's three claims involve separate and unrelated events against different groups of defendants. Plaintiff has filed an opposition, and Defendants have filed their reply. On March 7, 2011, Plaintiff filed a motion to voluntarily dismiss several of his claims "in order to resolve the pending motions." Plaintiff requests dismissal without prejudice of his due process claim against Uptergrove and James concerning a 2007 disciplinary hearing, as well as his retaliation claim against Cook, Hirai, and Marvin, concerning an April 2009 classification hearing.

In his motion, Plaintiff clearly states his desire to dismiss the first due process claim as well as the retaliation claim in order to comply with Rule 20.  Those claims named Defendants Uptergrove, James, Marvin, Cook, and Hirai.  (Complaint at 6-8, 22-26.)  However, in his motion, Plaintiff states that he "seeks to redress his remaining claims against Defendants D. Bradbury, R. Cox, T. Puget, D. Marvin and D. Rothchild."  (Motion at 2.)  Contrary to Plaintiff's statement, after the dismissal of the 2007 due process claim and the retaliation claim, there are no "remaining claims," but rather, only one surviving claim.  Moreover, although Plaintiff states that he would like to pursue his remaining claim against D. Marvin, it appears to be a misstatement because D. Marvin is not a named defendant in his sole surviving claim.

After consideration of the relevant pleadings, Plaintiff's motion to voluntarily dismiss his first due process claim and his retaliation claim without prejudice is GRANTED.  In light of this dismissal, Defendants' motion to dismiss is DENIED as moot.

Plaintiff also requests that the Court lift its February 4, 2011 order staying discovery.  Because Defendants' motion to dismiss did not dispose of the entire action, Plaintiff's request is GRANTED.  The stay of discovery is hereby lifted.

## CONCLUSION

1.     Plaintiff's motion to voluntarily dismiss claims is GRANTED.  Defendants' motion to dismiss is DENIED as moot.  Defendants Uptergrove, James, Cook, Hirai, and Marvin are DISMISSED from this action.  The stay of discovery is lifted.

2.     No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

a.     If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

1  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

2  **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

3  **that this case cannot be resolved by summary judgment, they shall so inform the court**

4  **prior to the date the summary judgment motion is due.**

5        3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

6  served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

7              a.      In the event Defendants file an unenumerated motion to dismiss under

8  Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

9              The defendants have made a motion to dismiss pursuant to Rule 12(b) of
        the Federal Rules of Civil Procedure, on the ground you have not exhausted your
10       administrative remedies.  The motion will, if granted, result in the dismissal of
        your case.  When a party you are suing makes a motion to dismiss for failure to
11       exhaust, and that motion is properly supported by declarations (or other sworn
        testimony) and/or documents, you may not simply rely on what your complaint
12       says.  Instead, you must set out specific facts in declarations, depositions, answers
        to interrogatories, or documents, that contradict the facts shown in the defendant's
13       declarations and documents and show that you have in fact exhausted your
        claims.  If you do not submit your own evidence in opposition, the motion to
14       dismiss, if appropriate, may be granted and the case dismissed.

15              b.      In the event Defendants file a motion for summary judgment, the

16  Ninth Circuit has held that the following notice should be given to plaintiffs:

17              The defendants have made a motion for summary  judgment by which
        they seek to have your case dismissed.  A motion for summary judgment under
18       Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

19              Rule 56 tells you what you must do in order to oppose a motion for
        summary judgment.  Generally, summary judgment must be granted when there is
20       no genuine issue of material fact--that is, if there is no real dispute about any fact
        that would affect the result of your case, the party who asked for summary
21       judgment is entitled to judgment as a matter of law, which will end your case.
        When a party you are suing makes a motion for summary judgment that is
22       properly supported by declarations (or other sworn testimony), you cannot simply
        rely on what your complaint says.  Instead, you must set out specific facts in
23       declarations, depositions, answers to interrogatories, or authenticated documents,
        as provided in Rule 56(e), that contradict the facts shown in the defendants'
24       declarations and documents and show that there is a genuine issue of material fact
        for trial.  If you do not submit your own evidence in opposition, summary
25       judgment, if appropriate, may be entered against you.  If summary judgment is
        granted in favor of defendants, your case will be dismissed and there will be no

26

27       _____

28              [1] The following notice is adapted from the summary judgment notice to be given to pro se
        prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
        *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

6.    All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (for example, questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by Court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery</u>

1  Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which

2  could include some or all of the discovery Plaintiff might seek.  In addition, no motion to compel

3  will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and

4  N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to

5  meet and confer with Defendants in person.  Rather, if his discovery requests are denied and he

6  intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering

7  them one last opportunity to provide him with the sought-after information.

8      8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

9  and all parties informed of any change of address and must comply with the Court's orders in a

10  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

11  pursuant to Federal Rule of Civil Procedure 41(b).

12      IT IS SO ORDERED.

13  DATED:  _3/29/11_____

14                    LUCY H. KOH
                      United States District Judge