IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN T. TATUM,<br><br>    Plaintiff,<br><br>  v.<br><br>T. PUGET, et al.,<br><br>    Defendants. | No. C 10-0418 LHK (PR)<br><br>ORDER DENYING<br>PLAINTIFF'S MOTION FOR<br>PRELIMINARY INJUNCTION<br><br>(Docket No. 44) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.  In his amended complaint, Plaintiff alleges that, in 2008, he was assessed an indeterminate term in the SHU without due process.  Plaintiff requests money damages.  Plaintiff's motion for preliminary injunction requests that the Court enjoin Defendants from transferring him to general population at Pelican Bay State Prison ("PBSP"), where he is currently housed.  Specifically, in the motion, Plaintiff asserts that he has informed Defendants that he has enemies in general population, however, Defendants are being deliberately indifferent to his safety by authorizing his release into general population at PBSP.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008).  In *Winter*, the Court rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction based on the "possibility" of irreparable injury, determining that the movant must demonstrate

1  that irreparable injury was likely to obtain a preliminary injunction. *Id.* at 375. Where the Court
2  concludes the movant has failed to show a likelihood of success on the merits, in its discretion, it
3  need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552
4  F.3d 941, 948 (9th Cir. 2009).

5  Here, Plaintiff has not made an adequate showing of his likelihood to succeed on the
6  merits of this action. Indeed, Plaintiff's motion does not discuss the allegations made in his
7  complaint at all, much less argue that he is likely to succeed on the merits. *See Winter*, 129 S.
8  Ct. at 374. The Court concludes that Plaintiff has failed to meet his burden of demonstrating a
9  likelihood of success on the merits, and that this ground alone is sufficient to deny Plaintiff's
10 motion for a preliminary injunction. *See Guzman*, 552 F.3d at 948.

11 In addition, a preliminary injunction may be granted only when the "intermediate relief
12 [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v.*
13 *U.S.*, 325 U.S. 212, 220 (1945). Here, the focus of Plaintiff's requested interim relief as stated in
14 his motion is unrelated to Plaintiff's pending due process claim stemming from his indeterminate
15 placement in the SHU. *See, e.g., Kaimowitz v. Orlando, Fl.*, 122 F.3d 41, 43 (11th Cir. 1997)
16 ("A district court should not issue an injunction when the injunction in question is not of the
17 same character, and deals with a matter lying wholly outside the issues in the suit"); *Omega*
18 *World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997) ("The purpose of interim equitable relief
19 is to protect the movant, during the pendency of the action, from being harmed or further harmed
20 in the manner in which the movant contends it was or will be harmed through the illegality
21 alleged in the complaint."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("a party
22 moving for a preliminary injunction must necessarily establish a relationship between the injury
23 claimed in the party's motion and the conduct asserted in the complaint") (per curiam).

## CONCLUSION

25 Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.
26 IT IS SO ORDERED.
27 DATED: 7/1/11
   LUCY H. KOH
28 United States District Judge

Order Denying Plaintiff's Motion for Preliminary Injunction
P:\PRO-SE\SJ.LHK\CR.10\Tatum418pi.wpd     2